# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LANGER,<br><br>    Plaintiff,<br><br>vs.<br><br>DAVID K, BENTRUM, et al.,<br><br>    Defendants. | CASE NO. 14cv1291-LAB (JLB)<br><br>**ORDER TO SHOW CAUSE RE: JURISDICTION** |

Plaintiff Chris Langer filed his original complaint on May 27, 2014 and a first amended complaint on June 25, 2014, bringing claims under the Americans with Disabilities Act (ADA) and supplemental state-law claims. The Court is obligated to confirm its own jurisdiction, *sua sponte* if necessary, and to dismiss the complaint if jurisdiction is lacking. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir.2011) (en banc). The complaint must plead facts, not merely conclusions, to invoke the Court's jurisdiction. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citing Fed. R. Civ. P. 8(a)(1); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). Here, it appears Langer has failed to allege facts showing he has standing to bring his ADA claim. Furthermore, because the only remedy available to Langer under the ADA is injunctive relief, *see Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002), if injunctive relief is unavailable or would be ineffective, the ADA claim is moot. If the Court lacks jurisdiction over his federal claim, it cannot exercise jurisdiction over supplemental state claims.

The complaint adequately alleges that Langer is disabled and that he would like to patronize the Strip Mall whose parking lot he says is defective. What is missing is any factual allegation explaining how the condition of the parking lot harmed him when he visited the

store or is deterring him from returning. Instead, the complaint relies on conclusions. Essentially, its theory is that because he is disabled he merely needs to identify a feature on the premises that could pose a problem for someone with a similar disability, and he is entitled to relief. That is not enough.

The complaint alleges that Langer uses a wheelchair, and drives a special van that deploys a ramp for the wheelchair out of the passenger side. It then alleges that "there are no van-accesible parking spaces available for disabled customers at the Strip Mall." (Complaint, ¶ 10.) Apparently Langer is alleging that the parking spaces are not ADA-compliant.[1] Whether a parking space is van-accessible within the meaning of the ADA is a question of law; merely alleging that it is non-compliant is conclusory and thus insufficient.

There is, it would appear, an area that Langer could park his van in, but it is unmarked. (Complaint, ¶ 11 ("Plaintiff believes that a van-accessible parking space once existed a this location, however. Unfortunately the defendants have allowed it to fade or allowed it to be paved over."))

What is missing here is an allegation of how the condition of the parking lot prevents him from parking, navigating the parking lot, or accessing the business. For example, Langer hasn't alleged facts showing why faded paint and a lack of a "no parking" sign prevented him from parking in the spot he described, or why it deters him from returning in the future. Merely alleging "difficulty" (Compl., ¶ 12) is too vague; it doesn't necessarily refer to the kind of difficulties for which the ADA provides a remedy, and would not enable Defendants to formulate a defense.[2] *See Starr v. Baca*, 652 F.3d 1202, 1215–16 (9th Cir. 2011) (holding that plaintiffs must make "sufficient allegations of underlying facts to give fair notice and to enable

---

[1] Assuming, on the other hand, Langer merely means he finds the spaces not to be van-accessible, he has failed to invoke the protections of the ADA. Langer would only be entitled to an injunction to cure ADA violations, not to make the parking lot as accessible as possible. If the parking lot were ADA-compliant but Langer still found it too difficult to use, he would have no remedy under the ADA.

[2] To illustrate, after reading the complaint, Defendants would have little to go on if they wanted to conduct an investigation on their own to confirm or deny whether Langer really was deterred by conditions on their premises. It is also possible a plaintiff might experience difficulties and frustrations without having experienced an "injury in fact" sufficient to establish Article III standing. *See Chapman*, 631 F.3d at 947, 950.

the opposing party to defend itself effectively").

The fact that some other handicapped person might suffer an injury-in-fact or might benefit from injunctive relief is not sufficient to show Langer has standing. In addition, the insufficiency of the allegations makes it impossible to make the determination that it is likely and not merely speculative that Langer would benefit from injunctive relief; this is relevant both to the redressability prong of the standing analysis, *see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992), and the question of whether the Court can grant meaningful injunctive relief. *See Center for Biological Diversity v. Lohn*, 511 F.3d 960, 964 (9th Cir. 2007) (where the only relief sought would serve no meaningful purpose, claims were moot).

While the Court is not at this stage examining the sufficiency of the pleadings, there are not even any factual allegations to establish that Defendants' business is covered by the ADA, or that reserved van-accessible handicapped spaces are required.

Langer is therefore **ORDERED TO SHOW CAUSE** why the complaint should not be dismissed for lack of jurisdiction. Within **ten calendar days from the date this order is entered in the docket,** Plaintiff must either file an amended complaint correcting the defects this order has identified, or file a memorandum of points and authorities not to exceed five pages explaining why the complaint's factual allegations adequately establish jurisdiction.

If Langer fails to show cause within the time permitted, this action will be dismissed without prejudice for lack of jurisdiction.

**IT IS SO ORDERED**.

DATED: September 5, 2014

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge