# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LANGER,<br><br>                  Plaintiff,<br><br>vs.<br><br><br>MARCIANA NICOLAS-DOLLARD and DOES 1-10,<br><br>                  Defendants. | CASE NO. 14cv1291-LAB (JLB)<br><br>**ORDER:**<br><br>**1) SUBSTITUTING NAME OF DEFENDANT IN CASE CAPTION, and**<br><br>**2) TO SHOW CAUSE WHY PLAINTIFF'S FEDERAL CLAIM SHOULD NOT BE DISMISSED AS MOOT OR FOR LACK OF STANDING** |

Plaintiff Chris Langer filed his second amended complaint ("SAC") on September 15, 2014 bringing claims under the Americans with Disabilities Act (ADA) and supplemental state-law claims. (Docket no. 10.) On September 15, 2014, Defendant Marciana Nicolas-Dollard, proceeding pro se, filed a response to Langer's SAC that the Court construes as her answer. (Docket no. 12.)

**I. Caption**

Langer's original complaint names David L. Bentrum and Jerry M. Bentrum as Defendants. (Docket no. 1.) The Court terminated the Bentrum Defendants after Langer filed his First Amended Complaints naming only Nicolas-Dollard and ten fictitious parties as defendants. (Docket no. 4.) Plaintiff's Second Amended Complaint confirms that the Bentrum Defendants are no longer party to this action. (*See* Docket no. 10.) Accordingly, the Court **DIRECTS** the Clerk to reflect this substitution in the case caption.

///
///

## II. Jurisdiction

The SAC alleges that Langer is disabled and that he would like to patronize a Strip Mall containing the Top Gear Guitar Shop, located on University Avenue in La Mesa, California, but is impeded from doing so by its lack of an ADA-compliant parking lot. (Docket no. 10.) Nicolas-Dollard's answer attests that the 29-space parking lot has been ADA-compliant since at least April 8, 2013 – roughly nine months before Langer's alleged visit – when it was restriped by Jacques Paving Inc. to include two handicapped-accessible parking spaces, a 96-inch van-accessible parking space, and a 60-inch access aisle. (*See id.* at 2.) Nicolas-Dollard's answer also attests that the same company restriped the lot again on August 30, 2014 – roughly nine months after Langer's alleged visit – to widen the access aisle to 96 inches and add another 96-inch van-accessible parking space. (*Id.* at 3.) Finally, Nicolas-Dollard attached and annotated eight color pictures, dated June 2014 and available via the Google Maps "street view" function, which clearly show visible handicapped parking spaces in the parking lot of the accused strip mall. (*Id.* at 8-15.) *See also* Google Maps, https://maps.google.com/maps?q=Top+Gear+Guitar+Pro+Shop&cbll=32.755612,-117.040816&layer=c&panoid=grhDI6GdRY347Uhswx4i5Q&cbp=12,140.53,,0,-1.5&cid=14531586390159139694&t=m&z=11.

Because Nicolas-Dollard is proceeding pro se, the Court construes her pleadings liberally. *See United States v. Ten Thousand Dollars ($ 10,000) in U.S. Currency*, 860 F.2d 1511, 1513 (9th Cir. 1988). Furthermore, pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, "[a]fter giving notice and a reasonable time to respond, the court may . . . consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." Fed. R. Civ. P. 56(f)(3); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (noting a district court's power to enter sua sponte motions under Rule 56). The Court is also obligated to confirm its own jurisdiction, *sua sponte* if necessary, and to dismiss the complaint if jurisdiction is lacking. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir.2011) (en banc).

///

Because the only remedy available to Langer under the ADA is injunctive relief, *see Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002), and Defendant has presented evidence that the requested relief has already been put into effect, the ADA claim may not be justiciable. If the parking lot was ADA-compliant when Langer filed his complaint, then he lacks standing. *Clark v. City of Lakewood*, 259 F.3d 996, 1006 (9th Cir. 2001) ("Standing is determined by the facts that exist at the time the complaint is filed.") On the other hand, if the lot became ADA-compliant after Langer filed his complaint, then his case is moot. *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (defining mootness to include "when the challenged conduct ceases such that there is no reasonable expectation that the wrong will be repeated" and it therefore "becomes impossible for the court to grant any effectual relief whatever to the prevailing party") (citations and quotation marks omitted). Either way, if the Court lacks jurisdiction over his federal claim, it cannot exercise jurisdiction over supplemental state claims.

Here, Nicolas-Dollard has provided evidence showing that the parking lot was actually compliant with the ADA as of April 8, 2013 at the earliest, and August 30, 2014 at the latest. *Cf. Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. Cal. 2004) (holding that, when a pro se litigant opposes summary judgment, the court "must consider as evidence . . . all of [her] contentions offered in motions and pleadings, where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where [she] attested under penalty of perjury that the contents of the motions or pleadings are true and correct."). Langer must come forward with evidence that he has standing to bring this ADA claim and that his claim is not moot. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) (holding that party opposing summary judgment may not rest on conclusory assertions, but must come forward with significantly probative evidence).

Langer is therefore **ORDERED TO SHOW CAUSE** why the Court should not grant summary judgment for Nicolas-Dollard or dismiss Langer's federal claim for lack of jurisdiction. Within **ten calendar days from the date this order is entered in the docket,**

Langer must file a memorandum of points and authorities not to exceed five pages explaining why Nicolas-Dollard's evidence does not establish the Court's lack of jurisdiction or her entitlement to summary judgment, and must submit evidence to show that the parking lot in question was not in compliance with the ADA's requirements both now and at the time the action was filed.

If Langer fails to show cause within the time permitted, this action will be dismissed for lack of jurisdiction.

**IT IS SO ORDERED**.

DATED: September 25, 2014

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge